IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES IRWIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-405 |
| ) | |
| STATE OF TENNESSEE, ) | Judge Sharp |
| MARK KOVACH, Esq., ) | |
| MARK FISHBURN, Judge, and ) | |
| JERRY LESTER, Warden, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

Before the Court is the "Petition for the Writ of Habeas Corpus Alleging Violations of Petitioner's Substantive and Procedural Rights Pursuant to the Due Process Clause of the 14th Amendment to the United States Constitution" (ECF No. 1), filed *pro se* by petitioner James Irwin. Mr. Irwin, who is presently confined at the Turney Center Industrial Complex in Only, Tennessee, submitted the $5.00 filing fee applicable to habeas corpus petitions. He names as respondents the State of Tennessee, attorney Mark Kovach, Judge Mark J. Fishburn, and Warden Jerry Lester.

The petitioner alleges that he is in the custody of the state of Tennessee, pending trial on criminal charges, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The petition was therefore filed pursuant to 28 U.S.C. § 2241 rather than § 2254. Notwithstanding, the court has authority to apply the Rules Governing Section 2254 Cases in the District Court to this action. *See* Rule 1(b), Rules Gov'g § 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not [filed under § 2254]."). Rule 4 of the Rules Governing § 2254 Cases requires the court to "promptly examine" any habeas petition and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The court has examined the present petition and, for the reasons stated herein, concludes that it the petitioner is not entitled to relief in this court. The petition will therefore be dismissed.

## I.     ALLEGATIONS IN THE PETITION

Mr. Irwin alleges that he filed a motion to dismiss and petition for the writ of habeas corpus in the Davidson County Criminal Court, but was informed by the chambers of Judge Mark Fishburn that he would not be permitted to file the motions, pursuant to criminal court rules that prohibit the filing of *pro se* motions by defendants who are represented by counsel. (*See* ECF No. 1-4, Petition Exh. D (letter from Chambers of Judge Mark Fishburn notifying the petitioner that the court was in receipt of the petitioner's *pro se* motions but that they would not be scheduled for hearing because he is represented by counsel, and noting that the petitioner's trial on the pending criminal charges is scheduled for June 18, 2012).) Mr. Irwin further alleges that he filed an administrative complaint with the Tennessee Court of Criminal Appeals, presumably complaining about the trial court's refusal to docket his motion. The Tennessee Court of Criminal Appeals denied relief. Mr. Irwin filed an administrative complaint with the Tennessee Supreme Court, which likewise denied relief. Mr. Irwin therefore claims that he has exhausted his remedies in the state courts.

Mr. Irwin concedes that he is represented by counsel. He complains about his attorney, but he does not allege that he has asked for removal of his attorney or to waive his right to counsel and proceed *pro se* in defending himself against the pending criminal charges.

In his present petition, Mr. Irwin asserts that the State of Tennessee and the other respondents violated his rights to substantive and procedural due process by refusing to allow him to file his *pro se* motions in the state court.[1] The petitioner makes numerous conclusory statements relating to that claim, including that the respondents "conspired when they made a decision to intentionally not provide the Plaintiff with equal access to counsel to help prepare the motion, to assist in investigating the issues presented or could be presented, to assist in confront witnesses, or to inform the Plaintiff of his burden to establish a claim pursuant to petition for the writ of habeas corpus and the other documents accompanying this filing" (ECF No. 1, at 3, ¶ 2), and that Judge Fishburn and Mr. Irwin's appointed counsel, Mark Kovach, "made a decision to intentionally conspire to prohibit the Petitioner from redressing, speaking, inquiring, and assembling in the court to challenge his pending criminal accusations

---

[1] In his state-court habeas petition, also attached as an exhibit to the present petition, Mr. Irwin claims, among other things, that his right to a speedy trial has been violated. He has not raised that claim in his petition before this court.

and exercising his autonomous control over my choice and/or belief in his right to make his own defense and in the claims that the Petitioner wishes to pursue pursuant to the Office of the Writ of Habeas Corpus. . . ." (ECF No. 1, at 5, ¶ 11.)  Numerous similar conclusory allegations span six pages of the petition, ironically under the heading "Facts," despite the absence of any factual support for these claims.  The petitioner devoted another six pages of his petition to identifying every liberty interest he believes has been implicated by the respondents' actions.

In the "Argument" section of his petition, Mr. Irwin complains that his appointed counsel has failed to provide meaningful assistance to him in defending his case and refused to file a motion to dismiss or a petition for writ of habeas corpus.  (*See* ECF No. 1, at 15 ("Mr. Kovach has failed to file any motions, to investigate the case, and has basically failed to provide the Petitioner any meaningful assistance in defending this case.").)  Mr. Irwin filed the motion to dismiss and habeas petition in the state court in order to remedy the perceived failings of his appointed counsel.

For relief, the petitioner demands that this Court issue a writ of habeas corpus, and seeks "such general and equitable relief to which the Petitioner may be entitled."  (ECF No. 1, at 18.)

## II.     CONCLUSIONS OF LAW

The court construes the habeas petition as asserting two opposing grounds for relief:  (1) That Mr. Irwin's constitutional right to represent himself was violated by the respondents' refusal to allow him to file his motions in the state court; and (2) that Mr. Irwin has been denied the effective assistance of counsel.

The Supreme Court has held that an accused has a Sixth Amendment right to conduct his own defense, provided only that he "knowingly and intelligently forgo" his right to counsel, and that he be able and willing to abide by rules of procedure and courtroom protocol.  *United States v. Faretta*, 422 U.S. 806, 819, 835, 834 n.46 (1975) (citations omitted).  Following this authority, the Sixth Circuit has explained that for a criminal defendant to be entitled to represent himself, he must knowingly and voluntarily waive his right to counsel.  *United States v. Cromer*, 389 F.3d 662, 680 (6th Cir. 2004).  The waiver of counsel must be "unequivocal."  *United States v. Collins*, 129 F. App'x 213, 217 (6th Cir. 2005).

The Sixth Circuit has also explained that the Sixth Amendment right to counsel and the right to self-representation are "two faces of the same coin, in that the waiver of one right constitutes a correlative

assertion of the other." *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970) (internal citation omitted). The two rights are "mutually exclusive." *Cromer*, 389 F.3d at 682–83. In other words, a defendant may not assert both at the same time. *Conder*, 423 F.2d at 908 ("[A] criminal defendant cannot logically waive or assert both rights. The defendant must make a choice. . . .").

In the present case, Mr. Irwin has not unequivocally waived his right to counsel, and he concedes that he is in fact represented by appointed counsel. When a criminal defendant is appointed by counsel, it is permissible for the court to decline to consider motions and objections raised *pro se* by the same defendant. *Cf. Cromer*, 389 F.3d at 681 n.12 ("It is well settled that there is no constitutional right to hybrid representation."); *Condor*, 423 F.2d at 908 (finding the district court did not err in refusing a represented defendant's request to enter objections to evidence during trial) ; *see also State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976) ("[The accused] does not have a constitutional right under the State or Federal Constitution to participate *[i]n propria persona* in his own defense and simultaneously to be represented by participating counsel."); *State v. Davis*, 141 S.W.3d 600, 615 n.12 (Tenn. Ct. Crim. App. 2004) ("[A] defendant in a criminal case may not proceed *pro se* while simultaneously being represented by counsel.").

Because Mr. Irwin is represented by counsel and has not affirmatively waived his right to be represented by counsel, he has effectively, at least for the time being, waived his right to represent himself. *Cf. Conder*, 423 F.2d at 908. The Court therefore finds that Mr. Irwin has not stated a cognizable claim for a violation of his federal rights based on the state court's refusal to consider his *pro se* motions.

To the extent Mr. Irwin does intend to state a claim based on the ineffective assistance of counsel, the court finds that such a claim is premature. To state a claim for ineffective assistance of counsel, a habeas petitioner must show *both* "that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In other words, the petitioner must establish "prejudice." *Id.* at 692. It is axiomatic that a criminal defendant cannot establish that he has been prejudiced by the errors of counsel until he has actually been convicted on criminal charges—if he is ultimately acquitted, he would have no

- 4 -
Case 3:12-cv-00405   Document 7   Filed 05/03/12   Page 4 of 5 PageID #: 92

claim for ineffective assistance regardless of how poorly his counsel performed. The defendant here has not yet had a trial on the pending criminal charges. The claim for ineffective assistance of counsel will therefore be dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth herein, the subject petition under § 2241 will be dismissed. An appropriate order will enter.

Kevin H. Sharp
United States District Judge